UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | Claim No: 1999A17405 |
| vs. | § § § | |
| Valerie Y. Fordham | | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Genesee County, Michigan within the jurisdiction of this Court and may be served with service of process at 2323 Barth Street, Flint, Michigan 48504.

### The Debt

3. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $2,505.44 |
| B. Current Capitalized Interest Balance and Accrued Interest | $4,208.04 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |

| | |
|---|---:|
| E. Attorneys fees | $0.00 |
| **Total Owed** | **$6,713.48** |

The Certificate of Indebtedness, attached as Exhibit A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 8.000% per annum.

## Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
Holzman Corkery, PLLC
Attorneys for Plaintiff
Tamara Pearson (P56265)
28366 Franklin Road
Southfield, Michigan 48034
(248) 352-4340
usa@holzmanlaw.com

U.S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Name: VALERIE Y FORDHAM
AKA:

Address: 2512 WINONA

FLINT, MI 48504

SSN:

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 10/22/98.

On or about 8/8/89, the borrower executed promissory note(s) to secure loan(s) of $2,350.00 from FIRST AMERICAN SAVINGS INC., TUCSON, AZ. at 8.00% percent interest per annum. This loan obligation was guaranteed by NORTHSTAR GUARANTEE, INC. and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et. seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 12/3/90, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,505.44 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 8/31/93, assigned its rights and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower owes the United States the following:

| | |
|---|---|
| Principal: | $ 2,505.44 |
| Interest: | $ 1,431.55 |
| Administrative/Collection Costs: | $ 0.00 |
| Late fees: | $ 0.00 |
| Total Debt as of 10/22/98 : | $ 3,936.99 |

Interest accrues on the principal shown here at the rate of $0.55 per day.

Pursuant to 28 USC §1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 10-26-98

Name: [signature]
Title: Loan Analyst
Branch: Litigation

**HIGHER EDUCATION ASSISTANCE FOUNDATION**
P.O. BOX 64107 • ST. PAUL, MN 55164-0107

**HEAF USE ONLY**

**GUARANTEED STUDENT LOAN (GSL) APPLICATION/PROMISSORY NOTE**

## SECTION A - TO BE COMPLETED BY BORROWER (PRINT IN INK—PRESS FIRMLY—OR TYPE)

1. NAME (NO NICKNAMES): LAST **Fordham** FIRST **Valerie** MI **Y.**
2. SOCIAL SECURITY NUMBER: 
3. WHEN WERE YOU BORN?
4. PERMANENT ADDRESS: **2323 Barth St.**
5. PERMANENT HOME PHONE: **(313) 767-3284**
   CITY: **Flint** STATE: **MI** ZIP: **48504**
6. U.S. CITIZENSHIP STATUS: [X] 1 U.S. CITIZEN OR NATIONAL
7. PERMANENT RESIDENT OF WHICH STATE: **MI**
8a. DRIVER LICENSE NUMBER
8b. STATE IN WHICH LICENSE ISSUED

9. ADDRESS OF BORROWER WHILE IN SCHOOL: **2323 Barth St. Flint, MI 48504**
10. PHONE AT SCHOOL ADDRESS: ( ) **same**
11. MAJOR COURSE OF STUDY: **12**
12. LOAN AMOUNT REQUESTED: **$2350.00** V.F.
13. LOAN PERIOD: FROM MO **9** YR **89** TO MO **4** YR **90**

PRIOR LOAN INFORMATION:
14. HAVE YOU EVER DEFAULTED ON A GSL, SLS (ALAS), PLUS, PERKINS, CONSOLIDATED, OR INCOME CONTINGENT LOAN? [X] NO
15a. DO YOU HAVE ANY PRIOR UNPAID GSL LOANS? [X] NO (GO TO 20a)
15b. IF YES, TOTAL UNPAID BALANCE OF GSL LOANS: $

REFERENCES:
20a. NAME: **Walter Jefferson** STREET: **330 Page St.** CITY, STATE, ZIP: **Flint, MI 48505** (GUARDIAN)
20b. NAME: **Gracie Collier** STREET: **314 Pierson Rd.** CITY, STATE, ZIP: **Flint, MI 48505** (FRIEND)
20c. NAME: **Kathy Trouser** STREET: **5506 Winthrop St.** CITY, STATE, ZIP: **Flint, MI 48505** (RELATIVE)

21a. SIGNATURE OF BORROWER: **Valerie Fordham**
21b. DATE BORROWER SIGNED: MO **8** DAY **8** YR **89**

## SECTION B - TO BE COMPLETED BY SCHOOL

22. NAME OF SCHOOL: **Ross Medical Education Center**
24. PHONE: **(313)230-1100**
25. SCHOOL CODE: **0209970**
23. ADDRESS: **1012 Gilbert Flint MI 48532**
26. SCHOOL BRANCH: **0000**
28. PERIOD LOAN WILL COVER: FROM MO **9** DAY **25** YR **89** TO MO **4** DAY **20** YR **90**
29. STUDENT'S GRADE LEVEL: UNDERGRAD [X] 1
30. ANTICIPATED GRADUATION DATE: MO **4** DAY **20** YR **90**
31. STUDENT STATUS: [X] INDEPENDENT
32. ADJUSTED GROSS INCOME (AGI): $ **0**
33. COST OF ATTENDANCE FOR LOAN PERIOD: $ **8988**
34. ESTIMATED FINANCIAL AID FOR LOAN PERIOD: $ **2300**
35. EXPECTED FAMILY CONTRIBUTION (EFC): $ **9**
36. DIFFERENCE: $ **6679**

38. DO SUGGESTED DISBURSEMENT DATES CORRESPOND TO SCHOOL TERMS?
39. WILL THE STUDENT ATTEND A FOREIGN SCHOOL? [X] NO

41a. SIGNATURE OF SCHOOL OFFICIAL: **Carol Blevins**
41b. DATE: MO **8** DAY **8** YR **89**
41c. PRINT NAME AND TITLE: **Carol Blevins FAO**

## SECTION C - TO BE COMPLETED BY LENDER

42. NAME OF LENDER: **FIRST AMERICAN SAVINGS, INC.**
43. ADDRESS: **4380 N CAMPBELL TUCSON, AZ 85718**
44. LENDER CODE: **830909**

53a. SIGNATURE OF LENDING OFFICIAL: **Karen Weber/Manager**
53b. DATE SIGNED: MO **10** DAY **17** YR **89**

---

FORDHAM, VALERIE, Y.
CLAIM NO 1993050510217 08-31-93
SSN                ID   1

## SL PROMISSORY NOTE

### PROMISE TO PAY

e Interest, Guarantee Fee, and Origination Fee rates ar[ ] mentioned in the Promise to y on the front of this application/promissory note) are:

**TEREST**

I agree to pay an amount equivalent to simple interest (as specified in (4)) on the unpaid principal ance from the date of disbursement until the entire principal sum and accrued interest are paid ull.

However, the U.S. Secretary of Education ("Secretary") will pay the interest that accrues on this n prior to repayment status and during any deferment, if it is determined that I qualify to have h payments made on my behalf under the regulations governing the Guaranteed Student Loan gram ("GSLP"). In the event that the interest on this loan is payable by the Secretary, neither lender nor other holder of this Note may attempt to collect this interest from me. I may, however, ose to pay this interest myself.

Once the repayment status begins I will be responsible for payment of all interest that accrues this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described er DEFERMENT in this Promissory Note.

The interest rate will be determined according to the following:
f I have an outstanding Guaranteed Studen[ ]
licable interest rate will be the same as the [ ]
f I am borrowing for a period of enrollmen[ ]
standing GSL(s), the applicable interest rate
I am borrowing for a period of enrollment v
standing GSL(s) but I do have an outstanding
pplemental Loans for Students ("SLS") mac
n any Consolidation loan(s) which repaid lo
date, the applicable interest rate on this loa
I am borrowing for a period of enrollment v
standing balance on any GSL, PLUS, or SI
date or on any Consolidation loan(s) which
before that date, the applicable interest ra
r of my repayment status and will be 10% b
he applicable interest rate
ntil the end of the fourth year of my repaym
eginning with the fifth year of my repaymen
may also receive rebates of interest, if requir
n the applicable interest rate is 10%.

he lender or other holder of this note may
nce (capitalization) of this loan in accorda
Higher Education Assistance Foundation (
derstand that if I am eligible for federal inter
during the period I am in school on at least a
ection D below, and (c) during the time an
low.

**ARANTEE FEE**

IEAF may charge a fee to guarantee my l
licable regulations and HEAF policy and
ucted proportionately from each disburse
nd except for the amount attributable to ar
ender's option, be applied to my loan bal
t will show the actual guarantee fee charg

**GINATION FEE**

he Origination Fee will be deducted from
ral law and will be reflected on my disclos
, on undisbursed amounts, if the loan is re
k is not cashed within 120 days of disburse

### DISCLOSURE OF LOAN INF

derstand that before I receive my first lc
ment that identifies all the terms of my lc

### GENERAL

derstand that the lender has applied for
use of this, the loan is subject to, and th
rdance with, Title IV, Part B of the High
ral regulations adopted under the Act, a
overned by federal law, this Note shall b
er is located.

### REPAYMENT

repay this loan in periodic installments
nd of my grace period.
ever, during the grace period I may requ
d begins when I cease to carry at leas[ ]
s participating in the Guaranteed Student Loan Program (GSLP).
ill repay this loan over a repayment period that generally lasts at least 5 years but no more than ars. However, the following exceptions to these rules apply:
during the grace period, I request a shorter repayment period, the lender may grant me a ler period. In that event, I may later choose to have the repayment period extended to 5 years. e lender may require a repayment period shorter than 5 years if this is necessary to ensure during each year of the repayment period I—or, if both my spouse and I have GSL, PLUS or program loans outstanding, we—pay toward principal and interest at least $600 of the unpaid ipal of all such loans (plus interest).
qualify for postponement of my payments during any period described under Deferment in Note, or if the lender grants "forbearance", as allowed by the Act, those periods will not be ded in the 5- and 10-year periods mentioned above.
ust contact the lender prior to expiration of my grace period to negotiate the terms of repay-. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the lines set forth in Paragraph 1 of this Section, without my further approval; however, the lender inform me of these terms in writing at the latest address that I have provided to the lender.
e particular terms and conditions of repayment that apply to this loan will be set forth in a rate document that the lender will provide to me before the repayment period begins.
obligation to repay this loan shall be cancelled if I become totally and permanently disabled

### REPAYMENT

option and without penalty, I may prepay at any time all or any part of the unpaid principal ce of this Note. In the event of prepayment, I will be entitled to a refund of any unearned inter-at I have paid. The amount of any such rebate will be computed by the same method by which st payments were computed.

### F. DEFERMENT

I understand that in certain [ ] s authorized by the Act the payments I am required to make, as described under Repaym[ ] Note, may be deferred. The instances currently authorized by the Act are described und [ ] ment in the HEAF application information booklet. To obtain such deferment, I agree to comply with the relevant federal regulations and the Rules and Regulations of the HEAF, including, without limitation, submission of required forms to the lender.

### G. FORBEARANCE

If I am unable to repay this loan in accordance with the terms established under Repayment in this Note, I may request the lender to modify these terms. I understand that such modification would be at the lender's option and would have to be in compliance with the Act, federal regulations adopted under the Act and the Rules and Regulations of HEAF. I understand that a modification of repayment terms under this Section is different from Deferment (as described in this Note) and that during this period I will remain responsible for payment of interest, which the lender may (a) collect from me on a periodic basis or (b) add to the principal balance of this loan.

### H. DEFAULT

1) Definition—I understand that under the Act, and HEAF Rules and Regulations, any of the following events is a default:
a. failing to make any installment payment when due, provided that this failure persists for 180 days for a loan repayable in monthly installments or 240 days for a loan repayable in less frequent installments;

of obtaining this loan;
ial purposes;
e application for the time identified as my loan

to less than a half-time student, (b) change my je my permanent address.

an:
it of the loan, including interest, immediately due

close to schools I have attended (or am currently

Title IV programs and any of the following federal Opportunity Grant, College Work-Study, State alled National Direct Student Loan), Guaranteed ents (SLS), PLUS loans, or Consolidation Loans; er Repayment and Deferment in this Note; ding attorney's fees, that are permitted by federal iounts. If this loan is referred for collection to an Practices Act, I will pay collection costs not to crued interest. Declaring these amounts immedi-r, which it may do only after complying with appli-ure to exercise this option does not constitute a it a later date;
hen be required to pay HEAF all amounts owed.

a late charge if I fail to pay all or part of a required or if I fail to provide written evidence that verifies cribed under Deferment in this Note. A late charge le installment.

N
nd its repayment will be reported to one or more in, the lender, holder or guaranty agency will also s. This may significantly and adversely affect my r guaranty agency must notify me at least 30 days be disclosed to credit bureau organizations unless ays. The lender must provide a timely response to garding objections I might raise with that organi-nformation reported about me.

of the United States of America that the following ie information contained in my application for this y knowledge and belief and is made in good faith. ake my loan check(s) jointly payable to me and my he lender any refund which may be due me up to ducational institution that I may attend or HEAF to iolder, or their agents, any requested information nt status, prior loan history, current address). I also gent, the educational institution, or HEAF to make nts, or prior or subsequent lenders or holders, with ents. I also authorize the lender, subsequent holder, make inquiries to the persons I have listed in my f learning my current address and telephone num-e used for educational purposes for the academic lucational institution named on the application. I nds I receive that cannot reasonably be attributed attendance at that institution for the loan period stated. I certify that I am a borrower eligible [ ] participation in the GSL program and that I do not owe a refund to any Title IV aid program. I certify that if I am eligible to apply for a Pell Grant, I have done so or that I have requested my institution to estimate my eligibility for a Pell Grant. I further certify I have read the materials explaining the federal guaranteed student loan program which have been provided to me and that I understand my responsibilities and my rights under that program.

### SCHOOL CERTIFICATION

I hereby certify that the student named in Section A of this application is accepted for enrollment or is enrolled as at least a half-time student, and is making satisfactory progress in a program determined to be eligible for this loan program. I further certify that the student has been determined by this institution, under the regulations applicable to this loan program, to be eligible for the loan applied for. I further certify that based upon records available at this institution and due inquiry of the student, the student has satisfied the requirements under the Selective Service Act necessary to receive financial aid, is not in default on any loan made under any Title IV student assistance program identified in 34 CFR Part 668, and is not liable for any refund of any grant made under any student assistance program identified in 34 CFR Part 668. I further certify that this institution will comply with all applicable provisions of federal law and the rules, regulations, policies, and procedures of HEAF in the administration of this loan. The information provided in Sections A and B and this School Certification is true, complete, and correct to the best of my knowledge and belief.

---

### AFFIX TO BACK OF PROMISSORY NOTE

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.

2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.

3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.



SIGNATURE X Tracy Williams    6/18/91
TITLE                         DATE

F0025   10-87

GSL-A304/A305/A307   2-88